**Jack Aaron WEED, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 21763.

United States Court of Appeals
Fifth Circuit.

March 8, 1965.

Jack Aaron Weed, for appellant.

Harry Lee Hudspeth, Asst. U. S. Atty., and Ernest Morgan, U. S. Atty., San Antonio, Tex., for appellee.

Before WHITAKER,* Senior Judge, and RIVES and JONES, Circuit Judges.

PER CURIAM.

The appellant waived venue and pleaded guilty to two counts of an indictment charging mail theft in violation of 18 U.S.C.A. § 1708. On the same day, he waived indictment, waived venue, and pleaded guilty to one count of an information charging a forgery of the endorsement of a check of the United States in violation of 18 U.S.C.A. § 495. The court sentenced the defendant to serve five years imprisonment on each count of the indictment to run concurrently and to serve ten years on the information to run concurrently with the other sentences. At his arraignment and sentencing the defendant was represented by court-appointed counsel, and so far as possible the court complied fully with Rule 11, Fed.R.Crim.P., and determined that the pleas of guilty were made voluntarily with understanding of the nature of the charges. In the month following his conviction and sentence, the court appointed other counsel for the defendant, who filed on his behalf a motion for reduction of sentence which the court denied. Several months later, the defendant pro se filed a motion to vacate his sentence under 28 U.S.C.A. § 2255 on some seven stated grounds, only the second of which appears to be substantial, namely, "the petitioner's plea of guilty was entered involuntarily under duress and coercion for reasons which have no bearing whatever as to his guilty (sic) or innocence." In other parts of the motion the movant alleged:

"The plea of guilty, entered, was a forced plea in which both State and Federal Authorities threatened the petitioner with bodily harm and told him if he did not plead guilty to the Federal Charges, they would personally build a case in the State Courts and get him the heaviest sentence possible and probably it would be a Life Sentence, in the Texas State Penitentiary."

"The petitioner respectfully submits that the plea of guilty entered in the instant case, was a vicious pleading, and was entered involuntarily, by coercion and under duress. As the petitioner has pointed out earlier in his petition, he was forced to plead guilty in order to avoid phoney, unfounded charges which

---

* Of the Court of Claims, sitting by designation.

were threatened if he did not plead guilty to Federal Charges * * *."

The Government's answer to the motion set out the detailed questions propounded to the defendant and his answers at the time the court accepted the pleas of guilty, and demonstrated that the court had fully complied with Rule 11, Fed.R.Crim.P., by first determining that the pleas of guilty were made voluntarily with understanding of the nature of the charges.

The court denied the motion without a hearing for the following reasons:

"1. The record clearly reflects that whatever complaint of coercion or inducement he might now make was waived when petitioner's plea of guilty was accepted by the Court after petitioner had specifically represented to the Court his plea of guilty was not given because of any coercion."

The only ground on which the motion could be denied without a hearing is that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. As said in Sanders v. United States, 1963, 373 U.S. 1, 19, 20, 83 S.Ct. 1068, 1079, 10 L.Ed.2d 148:

"However regular the proceedings at which he signed a waiver of indictment, declined assistance of counsel, and pleaded guilty might appear from the transcript, it still might be the case that petitioner did not make an intelligent and understanding waiver of his constitutional rights. See Machibroda v. United States, 368 U.S. 487, [82 S.Ct. 510, 7 L.Ed.2d 473]; Moore v. Michigan, 355 U.S. 155 [78 S.Ct. 191, 2 L.Ed.2d 167; Pennsylvania ex rel. Herman v. Claudy, 350 U.S. 116 [76 S.Ct. 223, 100 L.Ed. 126]; Taylor v. United States, 193 F.2d 411 (C.A. 10th Cir. 1952). Cf. Von Moltke v. Gillies, 332 U.S. 708 [68 S.Ct. 316, 92 L.Ed. 309]. For the facts on which petitioner's claim in his second application is predicated are outside the record. * * *"

See also Luse v. United States, 10 Cir. 1964, 326 F.2d 338, 339, 340. Under those decisions the movant is entitled to a hearing although the district court in its discretion may find that the motion can be heard and disposed of without requiring the prisoner to be present at the hearing.

The judgment of the district court is Reversed.