**Jack Aaron WEED, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 22877.**

United States Court of Appeals
Fifth Circuit.
May 10, 1966.

Jack Aaron Weed, pro se.

Andrew L. Jefferson, Jr., Asst. U.S. Atty., San Antonio, Texas, for appellee.

Before RIVES and BELL, Circuit Judges, and FULTON, District Judge.

PER CURIAM:

On July 3, 1963, appellant Weed waived venue and pleaded guilty to two counts of an indictment charging mail theft in violation of 18 U.S.C.A. § 1708.

On the same day, he waived indictment, waived venue, and pleaded guilty to one count of an information charging forgery of the endorsement of the name of the payee on a check drawn on the Treasurer of the United States in violation of 18 U.S.C.A. § 495. The district court on July 10, 1963 sentenced Weed to concurrent terms of five years on each count of the indictment and to ten years on the information to run concurrently with the other sentences. At the time Weed pleaded guilty, he was represented by court-appointed counsel who then retired from the case.

Subsequently the court appointed new counsel for Weed and a motion for reduction of sentence was filed and denied. Several months after his motion to reduce sentence was denied, Weed, pro se, filed a motion to vacate his sentence under 28 U.S.C.A. § 2255. He alleged that his guilty plea was not voluntary, having been induced by threats from State and Federal authorities. The district court denied Weed's motion without a hearing and this Court reversed. Weed v. United States, 5 Cir. 1965, 342 F.2d 971.

 This Court noted that although "the movant is entitled to a hearing * * * the district court in its discretion may find that the motion can be heard and disposed of without requiring the prisoner to be present at the hearing." The district court, however, chose to hold a full hearing with Weed present. After the hearing the court entered its findings of fact and conclusions of law denying Weed's motion to vacate his sentence. Weed now appeals to this Court. The district court's conclusions are clearly supported by the record and we, therefore, affirm.

The record developed in this case during the habeas hearing amply justifies Judge Thornberry's determination that Weed intended to plead guilty because he actually was guilty. There is no showing of coercion. What is shown is that Weed believed that he had received a more severe sentence than did a similarly situated prisoner. If any "deal"

as to dropping a State prosecution was made, it was one Weed affirmatively sought and was pleased to accomplish. Judge Thornberry was justified in finding that the motivating factor in Weed's plea of guilty was his actual guilt and not the hope that he would reap the reward of a bargain as to the State's charges.

 Weed raises two new issues for the first time on this appeal. He asserts that the information and indictment placed him in double jeopardy. He, also, now challenges the adequacy of his prior counsel. At the hearing below, Weed's counsel stated: " * * * this hearing is limited to any matters which might have coerced in any way—threats, promises, or other such matters." As to adequacy of prior counsel, Weed's counsel below stated: "Now, it's not contended that his counsel was inadequate. He doesn't base his motion on inadequate counsel." Issues not raised in the district court cannot be raised here.

The judgment is therefore

Affirmed.