Alva Eugene **HEMMING, III,** Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 25963.

United States Court of Appeals
Fifth Circuit.

March 26, 1969.

**12**

Alva Eugene Hemming, III, pro se.

Robert E. Hauberg, U. S. Atty., E. Donald Strange, Asst. U. S. Atty., Jackson, Miss., for appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

■ Since appellant is without counsel and none has been appointed, the case cannot be orally heard, see Elchuk v. United States, 1962, 370 U.S. 722, 82 S.Ct. 1574, 8 L.Ed.2d 802, and accordingly the case is properly placed on the summary calendar under Fifth Circuit Rule 18.

■ This is an appeal from the denial of a motion to vacate judgment and sentence, 28 U.S.C. § 2255, after an evidentiary hearing. We deny the government's motion to dismiss the appeal on the ground that the appellant has served his sentence, see Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), and affirm the judgment.

The appellant's sole contention presented to the district court was that his plea of guilty was involuntary. The district court denied relief in an extensive memorandum opinion which we find correct in point of law.

■ The appellant contends upon appeal that the district court erred in its findings of fact. He did not, however, include in the record upon appeal any part of the testimony taken at the § 2255 hearing. The transcript is absent because of the appellant's failure to comply with the express provisions of Rule 10(a) F.R.A.P., which is the same as this Court's former Rule 23(1). Therefore he cannot be heard, upon this appeal, to complain that the findings were erroneous. We note in passing that the record shows that when he pleaded guilty, the appellant represented to the court that his plea was voluntarily and understandingly made.

■ The appellant further contends that the district court erred in sentencing him for the felony of concealing government property worth more than $100 in violation of 18 U.S.C. § 641, because the submachine gun which was the property involved was actually worth less than $100. Since this issue was not raised in the district court, it will not be considered upon appeal. Clark v. United States, 5 Cir. 1966, 367 F.2d 378; Weed v. United States, 5 Cir. 1966, 360 F.2d 568.

The judgment of the district court is affirmed.

Affirmed.