Eugene V. ROSS, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.

No. 71–1937
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 22, 1971.

---

* [1] Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y. et al., 431 F.2d 409, Part I (5th Cir. 1970).

Eugene V. Ross, pro se.

Robert L. Shevin, Atty. Gen., State of Fla., Wallace E. Allbritton, Tallahassee, Fla., for respondent-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

CLARK, Circuit Judge:

Eugene V. Ross was seventeen years old when he was charged with rape by the State of Florida. He initially entered a plea of not guilty but upon advice of his court-appointed counsel, he changed his plea in open court to guilty. Upon conviction on this plea, he was sentenced to life imprisonment. The crucial colloquy that occurred at the time of repleading among Ross, his counsel, the prosecutor and the trial court judge is set out in the margin.[1] Ross

---

1. BY COUNSEL FOR ROSS:

Q You are Eugene Ross?

A Right.

Q And I am your attorney?

A Right.

Q And on several occasions we have talked over the matters of this lawsuit while you were in the Duval County Jail?

A Yes, sir.

Q And you have previously entered a plea of not guilty?

A Yes, sir.

Q Do you withdraw that plea of not guilty?

A Yes, sir.

Q Do you wish to enter a plea of guilty?

A Yes, sir.

Q Do you know what the effect of a guilty plea is? It means that you are admitting the truth of the charges?

A Yes.

Q I have told you about any possible defenses that we may have to this crime of rape, haven't I?

A Yes, sir.

Q And I told you that I didn't think we had any defense, didn't I?

A Yes, sir.

Q Further, I have told you that there are some other offenses of which you may be found guilty, possibly an assault, but I told you that I did not think that the jury or the judge would bring back a verdict on the assault charge?

A Yes, sir.

Q I told you that the possible punishment that you can receive is a death penalty, and you understand that?

A Yes.

Q Further, I told you that you have a right to jury trial, trial by twelve jurors to hear your lawsuit, or the Judge can hear it, do you understand that?

A Yes.

Q By pleading guilty, you are admitting the truth of the charges as to each allegation of the indictment charging you with rape, do you understand?

A Yes.

Q Tell the Court in your own words, do you want to enter a plea of guilty or not guilty?

A Plea of guilty.

BY THE COURT:

Q Have you been promised anything? Have you been promised any reduction in the penalty that could be imposed upon you?

A Yes, sir.

DISTRICT ATTORNEY: The State has stated openly that in the event that this defendant pleaded guilty that the State of Florida would move the Court to not send him to the electric chair but to give him life or some lesser punishment.

COUNSEL FOR ROSS: I don't think the man has been promised anything.

Q No one has promised you what you'd get definitely, have they?

A No, sir.

BY THE COURT:

Q No one has threatened you?

A No, sir.

Q To make you plead guilty to this charge?

A No, sir.

THE COURT: All right.

DISTRICT ATTORNEY: The State will accept the plea—and you withdraw the plea of not guilty and enter the plea of guilty?

DEFENDANT ROSS: Yes.

DISTRICT ATTORNEY: The State now recommends to the Court that this defendant be sentenced to life imprisonment or such lesser term as in the Judgment of Your Honor seems proper under the circumstances. The State further recommends that he not be sentenced to the electric chair. I base that on my knowledge of this case in toto plus also the desires of the prosecuting witness and her mother which I submit to the Court is their view.

THE COURT: They are both opposed to anyone dying?

DISTRICT ATTORNEY: It is against their religion.

took no appeal from his conviction and sentence, but within four months thereafter filed a motion to vacate and set aside the proceedings, pursuant to Fla. Cr. Pr. Rule 1.850, 33 F.S.A. This motion was denied without an evidentiary hearing. The denial was affirmed on appeal. Ross's petition for a writ of habeas corpus was denied by the Supreme Court of Florida. Having exhausted his state remedies, Ross then applied for federal habeas corpus relief in the district court below. Relief was denied there also and again, without an evidentiary hearing. Ross asserts that before he changed his plea his counsel told him that the prosecutor promised he would receive a sentence of ten years or less if he would plead guilty; that counsel told Ross that Ross's father wanted him to plead guilty, but that this was untrue; and that after receiving his life sentence Ross asked counsel what happened, to which his counsel replied, "Don't worry [I will have you] back in court in a couple of weeks and straighten out the sentence." Ross contends that this misleading advice rendered his plea unintelligent and involuntary, and his conviction and sentence void. Finding that Ross's contentions are such that they cannot be denied summarily, we vacate the judgment denying habeas relief and remand for a hearing.

Principles laid down by the Supreme Court and this circuit guide us in our decision. Though decided under a different statute, the reasoning of each is completely apropos to the issues before us. In Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), the Court, in considering the validity of a guilty plea conviction under 28 U.S.C.A. § 2255, stated: "There can be no doubt that, if the allegations contained in the petitioner's motion and affidavit are true, he is entitled to have his sentence vacated. A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void." Also controlling in the present case is this circuit's test, again announced in a § 2255 proceeding, for deciding when a guilty plea has been so unfairly induced as to render it involuntary: "The legal principles in this instance are fairly clear—a plea cannot be vacated because the defendant anticipated that by pleading guilty he would get a lighter sentence. On the other hand the Government ought not be allowed to lure the defendant into a plea on false information." United States v. Battle, 447 F.2d 950 (5th Cir. 1971). Mindful of these precepts, we turn to the record before us.

█ The record excerpt set out in footnote 1, discloses that Ross's counsel made diligent inquiry to demonstrate that Ross understood the general nature and the consequences of a plea of guilty and, specifically, knew that he could receive the death penalty on his new plea. The judge then began an inquiry into Ross's intentions. When Ross said he had been promised a reduction in the possible penalty for his plea, the prosecutor immediately advised the court that he had previously agreed that if Ross's plea was changed the State would move the court not to send Ross to the electric chair, but to give him life or some lesser penalty and, as the record shows, the prosecutor did in fact make such a motion. Three Florida courts have reviewed Ross's case in the light of the same contentions he raises here and have been satisfied his plea was voluntary. None of these state forums considered any additional hearing was re-

---

THE COURT: And they have so stated?

DISTRICT ATTORNEY: They have so stated under oath.

THE COURT: Does the State and the defendant wish that we impose sentence at this time or at a later date?

COUNSEL FOR ROSS: I would ask that a delay be obtained for this reason, Your Honor, I would appreciate the opportunity of bringing whatever witnesses, his father in here perhaps, to say something before you impose sentence.

THE COURT: I will defer sentencing at this time.

I will adjudge that he is guilty, having pled guilty to the crime of rape, that he is guilty of rape, but I will impose a sentence at a future date.

quired. These judgments may ultimately prove to be correct. It could well be that the hearing we require will merely confirm that it was unnecessary. Ross's situation comes very close to presenting a case in which the trial court record was so well-developed and so conclusive as to exclude the possibility of petitioner proving his contentions, thus obviating the need for a hearing.[2] For, while the Great Writ stands as a guarantee to every citizen that he will not be detained in violation of fundamental liberties, it does not permit a federal court to retry state criminal proceedings. We now direct a hearing only because a material fact was not adequately developed in the state court proceeding; otherwise, the federal habeas forum would be bound by the implicit finding of fact by the state habeas courts that Ross's plea was voluntary. 28 U.S.C.A. § 2254(d); Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

The trial court record we have before us shows on its face that plea bargaining generated the change in pleas. Ross succinctly advised the court that his new plea was conditional and had been changed as the result of a promise. The only further explanation of that promise that *Ross himself* gave came by means of his single "No, sir" response to the judge's suggestive question: "No one has promised you what you'd get definitely, have they?" Ross's sworn allegations of fact, supplemental to and explanatory of what is shown in the trial record are sufficient to demonstrate that an evidentiary hearing should have been conducted in the court below to determine one material fact—the nature and substance of the representations made to Ross in exchange for his agreement to confess guilt in open court.

The efforts of the trial judge and Ross's counsel to determine that Ross's change of plea was voluntary appear to have been exerted in the utmost good

faith. At the same time, Ross's present contentions appear highly implausible. However, these contentions are not so utterly inconsistent with the record that we are willing to risk the remainder of a seventeen-year-old's life on the supposition that they cannot be established. *See* Weed v. United States, 342 F.2d 971 (5th Cir. 1965). We again advert to language used by the Supreme Court in *Machibroda*,[3] *supra*: "the specific and detailed factual assertions of the petitioner, while improbable, cannot at this juncture be said to be incredible. If the allegations are true, the petitioner is clearly entitled to relief." The judgment of the district court denying habeas corpus relief is vacated and the cause is remanded to that court with directions to conduct an evidentiary hearing which will afford petitioner an opportunity to prove the allegations of his petition.

Vacated and remanded, with directions.

---

2. *See e. g.*, Hunter v. United States, 156 F.2d 449 (5th Cir. 1971); Streator v. United States, 395 F.2d 661 (5th Cir. 1968).

3. 368 U.S. at 496, 82 S.Ct. at 514.