**Ralph L. McKLEMURRY, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 72–3722**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

May 15, 1973.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 431 F.2d 409, Part I, (5th Cir., 1970).

Ralph McKlemurry, pro se.

Gerald J. Gallinghouse, U. S. Atty., New Orleans, La., for respondent-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's denial of McKlemurry's motion to vacate judgment and sentence, filed pursuant to 28 U.S.C. § 2255. We affirm.

Appellant McKlemurry was convicted by a jury of seven Dyer Act offenses, in violation of 18 U.S.C. § 2313. He was sentenced to serve thirty-month sentences on Counts I, II, III, and IV to run consecutively, and to thirty-month sentences on Counts V, VI, and VII to run concurrently with the sentences imposed on Counts I, II, and III, respectively. His direct appeal was affirmed by this Court, United States v. McKlemurry, 461 F.2d 651 (5th Cir. 1972).

In his present § 2255 motion, the appellant raised three contentions. First, he alleged that the sentence imposed on him under Count III was invalid because that count of the indictment had been dismissed during the trial proceedings. Secondly, he contended that the evidence introduced in connection with the stolen 1967 Pontiac involved in Count VII of the indictment must have been obtained on the occasion of the illegal entry and search at noon on June 26th since the Pontiac could not have been on his property at the time of the initial surveillance the prior night. Finally, the appellant argued that the information leading to the discovery that the two 1963 Chevrolets were stolen (Counts I and VI) must have also resulted from the illegal entry since such information could not have come through mere observation of their license plates from the road.

The district court denied relief on all three contentions on ground that each of these issues raised had been presented on McKlemurry's direct appeal and had been decided adversely to him by this Court. We affirm the denial of the motion, but for reasons different than those assigned by the court below.

■ McKlemurry did not raise the contention in regard to the dismissal of Count III on direct appeal and therefore this issue has not been ruled on by this court. However, it is unnecessary to remand for further proceedings since Appellant's contention lacks merit as a matter of law. During the introduction of evidence relative to Count III, a witness for the prosecution, Charles Evans of the National Auto Theft Bureau, was reluctant to answer a question concerning the place where he found the vehicle's secondary identification number. Thereupon a conference was conducted outside the presence of the jury, during which the judge ruled that the defendant was entitled to an answer. The prosecution then offered to drop the count rather than have the witness reveal the confidential information. The defense promptly accepted the offer. Before the court took any action on this offer and acceptance, Evans stated that he would answer the inquiry. The government then withdrew its offer to dismiss the count. Fed.R.Crim.P. 48(a), requires the consent of the trial court to effect the dismissal of a count of an indictment. United States v. Cox, 342 F.2d 167, 171 (5th Cir.) (en banc), cert. denied, 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965).[1] Since such consent had not been given prior to the withdrawal of the motion to dismiss Count III, there was no error in proceeding with the trial on Count III.

■ Our holding that appellant's conviction and sentence under Count III is valid, makes it unnecessary for us to reach the merits of appellant's complaints concerning his conviction under Count VII because the sentence thereunder runs concurrently with that imposed under Count III. Furthermore, the sentences on Counts I and VI run concurrently with sentences under Counts V and II, respectively. There being no allegation regarding the invalidity of convictions under Counts V and II, thus we find it unnecessary to reach the merits of appellant's contentions in regard to Counts I and VI. United States

1. *See* Notes of the Advisory Committee on Rules, 18 U.S.C.A., F.R.Crim.P., Rule 48, which explains that the 1946 Amendment represents a specific change from the common law rule previously followed in federal courts. *See also* 3 Wright, Federal Practice and Procedure § 812 (1969).

v. Stone, 472 F.2d 909, 916 (5th Cir. 1973).[2]

▮ On this appeal McKlemurry also contends that consecutive sentencing is a violation of 18 U.S.C. § 3568 and the Federal Constitution and that, even if consecutive sentencing is legal, the imposition of consecutive sentences in this case was unduly harsh.[3] These issues were not raised in the § 2255 motion from which this appeal is taken. However, McKlemurry did challenge the consecutive sentencing in an earlier § 2255 motion to vacate sentence from which no appeal was taken. Sound judicial husbandry dictates that we now consider the merits of McKlemurry's claims in regard to sentencing. The contention that federal courts have no constitutional or statutory authority to impose consecutive sentences on separate offenses has been uniformly rejected. *See, e. g.,* Dockery v. Hiatt, 197 F.2d 333 (5th Cir. 1952). We agree with the district court's judgment that appellant's contention of undue harshness in the sentences imposed is frivolous. We note that the maximum punishment under 18 U.S.C. § 2313 is five years imprisonment and a 5,000 dollar fine. Thus the appellant could have received sentences totaling 35 years plus substantial fines on the seven counts charged in the indictment. The sentences imposed were entirely reasonable in the case of this recidivist offender.[4]

▮ In his *pro se* brief filed in this court, the appellant has also contended that he was denied effective representation of counsel on his direct appeal. This issue was not presented in either of his § 2255 motions and therefore will not be considered for the first time in this court. Hemming v. United States, 409 F.2d 11 (5th Cir. 1969).

The judgment appealed from is Affirmed.

---

2. We also note that the evidence of guilt on Counts II, III, IV, and V was overwhelming. Assuming arguendo that error occurred in the admission of some part of the evidence adduced as to Counts I, VI, and VII, such error was harmless beyond any reasonable doubt in respect to the convictions on the former counts.

3. McKlemurry's additional claim that the present concurrent sentences imposed in the Southern District of Mississippi (*see* Note 4 *infra*) and the Eastern District of Louisiana are in derogation of his constitutional rights because they do not end on the same date is frivolous.

4. In 1966 McKlemurry was convicted of Dyer Act violations in the Northern District of Alabama and served a two-year federal sentence. In 1968 he pled guilty to another Dyer Act violation in the Southern District of Mississippi and was placed on probation. As a result of his arrest on the present charges, this probation was revoked and McKlemurry has been resentenced to serve the remaining four years of the Mississippi conviction in a federal penitentiary. Denial of motion to vacate sentence affirmed, McKlemurry v. United States, 462 F.2d 575 (5th Cir. 1972).