Loren L. BROOKS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 74–1003.

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1974.

Decided July 8, 1974.

———◆———

Loren L. Brooks, filed appellant's briefs pro se.

W. H. Dillahunty, U. S. Atty., and Walter G. Riddick, Asst. U. S. Atty., Little

Rock, Ark., filed appellee's typewritten briefs.

Before LAY, HEANEY and ROSS, Circuit Judges.

HEANEY, Circuit Judge.

Loren Lee Brooks, an inmate of the United States Penitentiary at Atlanta, Georgia, appeals from the District Court's disposition of his petitions for post-conviction relief with respect to four past convictions in the United States District Court for the Eastern District of Arkansas.

On October 30, 1970, Brooks pled guilty to two felony charges: (1) an information charging him with entering the First National Bank of Prescott, Iowa, with intent to commit larceny in violation of 18 U.S.C. § 2113(a); and (2) an indictment charging the unlawful possession of rare currency with a *value* in excess of $100.00 taken in the bank larceny in violation of 18 U.S.C. § 2113(c). He is currently incarcerated pursuant to the sentence imposed with respect to the unlawful possession plea.

Brooks alleged in two petitions for writs of error coram nobis that his constitutional rights to counsel and due process were denied in guilty plea proceedings before the District Court in 1944 and 1949. He filed a third petition asking for post-conviction relief from the sentences imposed pursuant to his 1970 guilty pleas under 28 U.S.C. § 2255. He alleged that the court had acted illegally by allowing him to plead guilty to both entering the bank with intent to commit larceny and unlawful possession, and by considering invalid previous convictions[1] in giving him two ten-year sentences to be served concurrently. He also alleged that the sentencing court erred by considering a felony charge that was pending against him in pronouncing the sentences on the 1970 pleas.

The District Court heard the three petitions together in a consolidated hearing.[2] It held that all the guilty pleas were made voluntarily, knowingly and intelligently. It ruled that the 1944 and 1949 guilty pleas were valid and that, therefore, it was appropriate to consider them in sentencing Brooks pursuant to his 1970 guilty pleas. However, it did hold that under the teachings of Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959), it was improper to have sentenced Brooks for both entering with intent to commit larceny and unlawful possession charges. Accordingly, the court set aside the judgment and sentence on the entering with intent to commit larceny charge and upheld the judgment and sentence of ten years on the unlawful possession charge. The court did not rule on the propriety of its consideration of the pending felony charge in sentencing the petitioner.

On appeal, Brooks, with two exceptions, has substantially reiterated the claims he raised in the District Court. We have reviewed the record and are satisfied that the District Court correctly decided these claims in its well reasoned unpublished memorandum opinion. We are also satisfied that the sentencing court did not commit reversible error by taking into consideration the pending felony charge when it sentenced Brooks in 1970. The charge was for unlawful possession of a firearm. Both the government and Brooks' counsel agreed that the court should consider it in pronouncing the sentences. The government agreed to dismiss the charge at the sentencing. In addition, Brooks' counsel explained the mitigating circumstances surrounding the charge to the court.

The first new issue raised here is whether the District Court improperly required Brooks, rather than the government, to prove that the 1944 and 1949 guilty pleas were entered in violation of

---

1. The alleged invalid previous convictions were the 1944 and 1949 guilty pleas that were challenged in the two petitions for writs of error coram nobis.

2. Chief Judge J. Smith Henley presided over the hearing on the petitions below. He also was the presiding judge when the guilty pleas were entered in 1970.

the Sixth Amendment. This Court directly addressed this issue in Losieau v. Sigler, 406 F.2d 795, 802–803 (8th Cir.), cert. denied, 396 U.S. 988, 90 S.Ct. 475, 24 L.Ed.2d 452 (1969):

> Ordinarily, the burden of proof is on an accused to establish that he was denied the right to counsel. * * *
>
> * * * * * *
>
> * * * [W]here the record is silent as to whether an accused was furnished counsel at a critical stage and where the accused introduced evidence tending to show that he was not in fact so represented, the burden then shifts to the state to prove, by a fair preponderance of the evidence, that the accused was represented. * * *

See also, Mitchell v. United States, 482 F.2d 289, 295–296 (5th Cir. 1973).

 It appears from the District Court's decision that it placed the burden of proof on Brooks. We do not feel this was improper under the circumstances. The 1949 "Judgment and Commitment" form reveals that Brooks was represented by counsel when he pled guilty in 1949. The form relating to the 1944 plea states that Brooks "having been asked whether he desire[d] counsel appointed by the court replied that he did not." Thus, as to the 1949 plea, it is clear that the burden of proof should have been placed on Brooks. After reviewing the record before the District Court, we are also convinced that the court did not err by concluding that the 1944 plea was valid. We are satisfied on this record that the entry on the 1944 Judgment and Commitment form is sufficient to maintain the presumption that the waiver of counsel was intentional and intelligent. Unlike the facts in Craig v. Beto, 458 F.2d 1131, 1135–1136 (5th Cir. 1972), the record here indicates not only that the petitioner was advised he could have counsel, but also that counsel would be appointed for him. Moreover, the only evidence that the pe-

titioner's waiver of counsel in 1944 was not intentional and intelligent is the petitioner's uncorroborated testimony below, nearly thirty years later. The District Court found that Brooks' credibility was questionable, and on this record, we cannot say this was error.

 Finally, Brooks contends here for the first time that his judgment and sentence of ten years for unlawful possession of the currency taken in the bank larceny should be set aside.[3] He argues that because the face value of the currency described in the indictment totaled less than $100.00, it was improper under 18 U.S.C. § 2113(b) & (c) to have sentenced him to more than one year in prison. Inasmuch as this issue has not been properly raised in the District Court, it will not be considered in this Court for the first time. See McKlemurry v. United States, 478 F.2d 1185, 1188 (5th Cir. 1973).

Affirmed.

---

3. Brooks also recently notified the District Court of this contention in a letter of June 10, 1974. The District Court, however, has not decided the question, but has instead advised Brooks of his right to file a formal petition in that court.