**Pedro RODRIGUEZ, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 17154.**

United States Court of Appeals
Fifth Circuit.

Nov. 26, 1958.

Rehearing Denied Jan. 12, 1959.

Pedro Rodriguez, in pro. per.

Russell B. Wine, U. S. Atty., Howard C. Walker, Asst. U. S. Atty., San Antonio, Tex., for appellee.

Before TUTTLE, JONES and WISDOM, Circuit Judges.

PER CURIAM.

On his plea of guilty, specifically entered to each of three counts, of a narcotics law violation indictment, and his admission that he was a second offender, under the terms of the Boggs Act, 21 U.S.C.A. § 174, appellant received a general sentence of 12 years and $100 fine. Subsequently, on his own motion, the trial court called the appellant back before him and modified the sentence so as to read: five years on count 1, seven years on count 2 and seven years on count 3, with a fine of $100 on each of the three counts. The two seven year sentences were to run concurrently and consecutively to the five year sentence. Thereafter appellant filed his motion for vacation of sentence, which the trial court denied on November 18, 1957. On January 30, 1958, the trial court again amended the sentence by reducing the fine from a total of $300 to $100. Thereafter, on March 7, 1958, appellant filed his notice of appeal.

Appellant here contends that the orders of the trial court modifying his sentences, including the upward revision of the fine from $100 to $300 have somehow infected his sentence with illegality requiring that it be vacated.

The sentence of 12 years in gross was a legal sentence, inasmuch as a total sentence of 30 years could have been meted out to appellant. Reed v. United States, 5 Cir., 142 F.2d 435. The part of the amended sentence that specifically allocated the terms as between the several counts did not in any way increase his time of service. It was a legal modification. The imposition of a fine of $100 on each of the counts after the initial sentence had imposed only one general fine of $100 was erroneous. "The court may correct an illegal sentence at any time." Rule 35, Fed.Rules Crim.Proc., 18 U.S.C.A. Thus, the correction of January 30, 1958, reducing the fine again to $100 is permitted by the rules. It obviously did not harm the appellant.

The other points urged by appellant have been considered but are not deemed substantial enough to warrant separate discussion.

The judgment is affirmed.