**James II. GRANGER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 17917.**

United States Court of Appeals
Fifth Circuit.

Feb. 29, 1960.

Rehearing Denied March 23, 1960.

James H. Granger, pro se.

Preston H. Dial, Jr., Asst. U. S. Atty., Russell B. Wine, U. S. Atty., San Antonio, Tex., for appellee.

Before RIVES, Chief Judge, and JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

The appellant, James H. Granger, is serving a sentence imposed by the District Court for the Western District of

---

Texas. He made a motion in the district court under that portion of Rule 35, Fed. Rules Crim.Proc., 18 U.S.C.A. which provides that "The court may correct an illegal sentence at any time." In his motion the appellant recites that:

"At the time of Defendant's arraignment and plea to a thirty-five (35) count indictment charging the filing of false claims against the government, and uttering checks obtained by means of said false claims, and of forgery of said checks, the Defendant was informed by the court

"The Court: I ascertained from him what you were charged with. He says it's thirty-five (35) counts of forgery, on meal tickets, is that the idea?

"Defendant: Yes Sir, I didn't forge all those tickets.

"Mr. Taylor [United States Attorney]: Do you understand that the penalty you can get on each of these is five (5) years or Ten Thousand Dollars ($10,000) or both, the maximum penalty?

"Defendant: I guess I can. It's the first time I've ever been * * *.

"The Court: Every meal ticket that you put in, if it was a false claim, it was a separate offense. The court can give you five (5) years or ten thousand dollars ($10,000) or both on each one of these thirty-five (35) counts. That's the maximum. (All the foregoing from certified transcript of proceedings held on March 26 and March 28, 1958).

"Pleas of not guilty were entered as to the *forgery* counts 3, 8, 10, 11, 16, 19, 23, 26, 29, and 32, and said counts later were dismissed by the court.

"Pleas of guilty were entered as to [Forgery] counts [under 18 U.S.C.A. § 287] 1, 2, 4, 5, 6, 7, 9, 12, 13, 14, 15, 17, 18, 20, 21, 22, 24, 25, 27, 28, 30, 31, 33, 34, and 35.

"On March 28, 1958, the court imposed one five (5) year sentence on counts 1, 2, 5, 6, 7, 13, 14, and 15; a second consecutive five (5) year sentence on counts 18, 21, 22, 25, 28, 31, 34 and 35; and a ten (10) year consecutive sentence on counts 4, 9, 12, 17, 20, 24, 27, 30, 33; a total of twenty (20) years."

■■ The ten-year sentence was imposed for violations of 18 U.S.C.A. § 495 which provides for punishment by a fine of not more than $1,000 or imprisonment for not more than ten years, or both. The statement of the court, as to these counts, was incorrect as the maximum term of imprisonment was ten years, rather than five, and a fine of $1,000 rather than $10,000. No fine was imposed so the court's statement as to it need not be considered. If there had been but one count of the indictment under Section 495, and a ten-year sentence had been imposed, we might be constrained to find that the appellant was entitled to relief. If the maximum sentence on each count had been five years, as the court stated, the aggregate penalty on counts 4, 9, 12, 17, 20, 24, 27, 30 and 33 could have been 45 years. The ten-year sentence was less than a fourth of the sentence which the appellant was warned that he might receive. A single sentence on two or more counts for a term within the aggregate is not illegal although, as has been said, it is not in the most desirable form. Reed v. United States, 5 Cir., 1944, 142 F.2d 435; Rodriguez v. United States, 5 Cir., 261 F.2d 128.

■■ The appellant, by his motion filed with the district court, recites that he was a Master Sergeant in the United States Army, a veteran of World War II and of the Korean conflict, that he was twice wounded in service and has been decorated with a Silver Star and twice with the Purple Heart. He stated that he has five dependent children. He argued that "society does not demand the major portion of a man's adult life for a single accidental breaker of the law who has learned his lesson and shall never again transgress the law." The same matters are urged to us. However doubt-

ful we might be as to the justification for the sentences which were imposed, we have no powers to alter a sentence which is legal and valid. Our power is spent when we have ascertained that a sentence is valid. When, after a determination of guilt, the trial court fixes the punishment within the limits defined by Congress, and no errors of law are present, questions as to the severity of the punishment cannot be considered by this Court. The sentence is legal and valid. It must be upheld and the judgment of the court must be

Affirmed.