John BENSON, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 21300.

United States Court of Appeals
Fifth Circuit.

May 28, 1964.

John Benson, Jr., pro se.

H. M. Ray, U. S. Atty., George H. Dulin, Asst. U. S. Atty., Oxford, Miss., for appellee.

Before TUTTLE, Chief Judge, and POPE* and BROWN, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

■■ The question presented on this appeal is whether a single "general sentence" on three counts for a term within the aggregate sentence which could have been imposed should be allowed to stand when it is brought into question by a direct proceeding to correct sentence under F.R.Crim.P. 35. Our answer is in the negative though under no stretch of the imagination does this affect the conviction or anything other than the sentence (see note 10, infra).

Appellant is confined under what the sentencing Court called a "general sentence" of 15 years. It was imposed on February 12, 1962, on his conviction on plea of guilty to a 3-count indictment charging violations of 18 U.S.C.A. §§

* Of the Ninth Circuit, sitting by designation.

1708 and 495.[1] Had the maximum sentence been imposed consecutively on each count, the penalty would have been 5–10–10 years, aggregating 25 years.[2] On January 25, 1964, Appellant moved the sentencing Court under Rule 35 to correct the sentence. The motion was denied on January 27, 1964, and Appellant is here complaining of this denial.

This Court has held that "a single sentence on two or more counts for a term within the aggregate is not illegal * * *." Granger v. United States, 5 Cir., 1960, 275 F.2d 127, citing Reed v. United States, 5 Cir., 1944, 142 F.2d 435; Rodriguez v. United States, 5 Cir., 1958, 261 F.2d 128. Our position parallels that taken by other Circuits [3] on this point and the more general holdings of this and other Courts that the reviewing Court generally will not disturb a sentence within the maximum which could have been imposed.[4]

However, most Courts recognize, as did we in Granger v. United States, 5 Cir., 1960, 275 F.2d 127, that the sentence is not in the most desirable form and should preferably specify punishment as to each separate count and indicate whether the sentences shall be served consecutively or concurrently.[5]

In those cases specific relief has been denied. The question is now before us whether a different conclusion should be reached. In doing so we do not repudiate what has been decided previously. We start with the universal recognition that the practice, while permissible, is unsatisfactory. What this case presents is an indication that this unwise, unsatisfactory practice is becoming so frequent that this presents a new factor calling

1. Count 1 charged theft of a letter containing a United States Treasury check, in violation of 18 U.S.C.A. § 1708. Counts 2 and 3 alleged acts in violation of 18 U.S.C.A. § 495, namely forgery of the payee's endorsement on the stolen check (Count 2), and uttering and publishing of the check with the forged endorsement (Count 3).

| Count | Code Section 18 U.S.C.A. | Maximum Sentence Years |
|-------|--------------------------|------------------------|
| 1 | § 1708 | 5 |
| 2 | § 495 | 10 |
| 3 | § 495 | 10 |
| | Total | 25 |

3. E. g., Call v. United States, 4 Cir., 1959, 265 F.2d 167, 171, cert. denied, sub nom.; Pearson v. United States, 1959, 361 U.S. 815, 80 S.Ct. 54, 4 L.Ed.2d 62; Davis v. United States, 6 Cir., 1959, 269 F.2d 357, 363, cert. denied, 1959, 361 U.S. 919, 80 S.Ct. 256, 4 L.Ed.2d 187; Phillips v. United States, 8 Cir., 1954, 212 F.2d 327, 335; McDowell v. Swope, 9 Cir., 1950, 183 F.2d 856, 858; Johnson v. United States, 4 Cir., 1960, 276 F.2d 84, 89; Levine v. Hudspeth, 10 Cir., 1942 127 F.2d 982, 984, cert. denied, 1942, 31' U.S. 628, 63 S.Ct. 39, 87 L.Ed. 507, rehearing denied, 1942, 317 U.S. 707, 63 S. Ct. 153, 87 L.Ed. 564.

4. Rogers v. United States, 5 Cir., 1962, 304 F.2d 520, 522; Holt v. United States, 5 Cir., 1961, 288 F.2d 447, 448, cert. denied, 1961, 368 U.S. 819, 82 S.Ct. 35, 7 L.Ed.2d 25; Russell v. United States, 9 Cir., 1961, 288 F.2d 520, 524, cert. denied, 1962, 371 U.S. 926, 83 S.Ct. 296, 9 L.Ed.2d 234; Witt v. United States, 9 Cir., 1961, 287 F.2d 389, 393, cert. denied, 1961, 366 U.S. 950, 81 S.Ct. 1904, 6 L. Ed.2d 1242; United States v. Lo Duca, 2 Cir., 1960, 274 F.2d 57, 59; Lipscomb v. United States, 8 Cir., 1960, 273 F.2d 860, 865; Costner v. United States, 6 Cir., 1959, 271 F.2d 261, 263, cert. denied, 1960, 362 U.S. 952, 80 S.Ct. 866, 4 L.Ed. 2d 870; United States v. Williams, 3 Cir., 1958, 254 F.2d 253, 255.

These cases all involve either (1) a so-called "general sentence" under a multi-count conviction which imposes a term less than could have been imposed on any one count or (2) sentences specifically related to convictions of one or more counts (containing an indication whether they are to be served consecutively or concurrently) each of which is within the maximum sentence for the count to which related.

5. Johnson v. United States, 4 Cir., 1960, 276 F.2d 84; Davis v. United States, 6 Cir., 1959, 269 F.2d 357, cert. denied, 1959, 361 U.S. 919, 80 S.Ct. 256, 4 L. Ed.2d 187; Levine v. Hudspeth, 10 Cir., 1942, 127 F.2d 982, cert. denied, 1942, 317 U.S. 628, 63 S.Ct. 39, 87 L.Ed. 507, rehearing denied, 1942, 317 U.S. 707, 63 S.Ct. 153, 87 L.Ed. 564.

for reexamination which likewise frees the Court from any notion that decision of the present problem has been foreclosed.

■ There is first the basic idea that a criminal sentence should be plain, unequivocal, and so free from doubt that those concerned—accused, sentencing Court, reviewing Court, and prison authorities—will know precisely what the punishment is.[6] One thing sure about the so-called "general sentence" for a total term greater than the maximum of one count but less than the aggregate of all maximums is that no one—accused, reviewing Court, prison authorities, or sentencing Court—knows what the real sentence is. A sentence is passed not because the defendant is a social outcast or needs chastisement generally. It is the law's punishment for specific transgressions of its formalized standards. It seems to us that everything points to the importance of an articulate, identifiable sentence being imposed. If that is what the law reasonably requires and prefers, then a sentence varying from that standard is, in the words of F.R. Crim.P. 35, "illegal."

Consideration of a few situations demonstrates the wisdom of our course. The "general sentence" creates unnecessary and sometimes troublesome difficulties for Courts both in direct appeals and collateral proceedings. It does the same for prison authorities in handling offenders.

■ First, on direct review of general sentences, the Court is forced to review the asserted errors relating to each and every count. Since the general sentence is not referable to any one count, the reviewing Court must review and uphold the convictions on all counts if the sentence is to stand.[7]

To avoid this prospect, the case must be remanded prior to final appellate review for resentencing, a procedure which could have been avoided altogether had the sentences been specifically related to the respective counts.

■ Second, experience now demonstrates that we may anticipate § 2255 post-conviction motions in many, many cases, most lacking in merit, but always with the possibility that one of substance will show up. When brought by a prisoner under a "general sentence," the same time-consuming processes of examination of all counts and remand for resentencing if all are not sustainable unavoidably occurs. The problem becomes more acute since most of these proceedings are brought without counsel on informal, frequently crude, non-lawyer-drafted papers. Added to this is the demonstrated liberality with which we accept the appeals for review and determination without imposing any technical barriers. It is entirely conceivable that a § 2255 fundamental error may be found as to one or more counts of a multi-count "general sentence," but not as to all. In that event the whole sentence must be set aside and the case might well have to stand for a retrial. Both this prospect and the necessity of examining all counts will be avoided by requiring a proper sentence to begin with.

■ Of course, Courts cannot complain that added burdens are imposed. This is just more grist for the mill under our charge. But time, tempo of the times, and the ceaseless expansion of our population is proving to us and others that if the real ideal of justice under law

6. Where there is doubt or ambiguity it must be read in a light most favorable to the accused. United States v. Daugherty, 1925, 269 U.S. 360, 46 S.Ct. 156, 70 L. Ed. 309; Paccione v. Heritage, 5 Cir., 1963, 323 F.2d 378.

7. The problem is most acute in cases such as this one where the "general sentence" exceeds that which could have been given upon conviction under any one count. Under these circumstances, the reviewing Court must examine and sustain multiple counts. Cf., e. g., United States v. Haith, 4 Cir., 1961, 297 F.2d 65, cert. denied, 1962, 369 U.S. 804, 82 S.Ct. 643, 7 L. Ed.2d 550.

is to be achieved, precious Judge and judicial time must be carefully husbanded and conserved. To squander efforts unnecessarily is more than an imposition on Judges. It carries the risk that the really meritorious case will be unintentionally slighted. The Supreme Court has given fresh and recent proof that Courts may rightly adapt procedures to lessen or avoid this costly loss of irreplaceable judge-time, Bartone v. United States, 1963, 375 U.S. 52, 84 S.Ct. 21, 11 L.Ed.2d 11, reversing mem. 5 Cir., 1963, 317 F.2d 608, and so have we. Whitney v. Wainwright, 5 Cir., 1964, 332 F.2d 787 [No. 21193, January 17, 1964]; Anderson v. United States, 5 Cir., 1963, 318 F.2d 815; Juelich v. United States, 5 Cir., 1963, 316 F.2d 726.

■ All recognize that one of the most important functions to be performed by criminal law and its integral component, the prison system, is rehabilitation of the offender.[8] Viewed in this context, the general sentence is undesirable because it does not clearly indicate to the offender what sentence has been imposed for what conviction. We can appreciate fully the likelihood that those experienced in this field have found that a clear understanding by the prisoner of the sentence imposed for the particular offense involved is most helpful in the rehabilitation process.

Although we have never before undertaken to articulate the reasons, we have said in our prior decisions that the "general sentence" is not desirable. Granger v. United States, 5 Cir., 1960, 275 F.2d 127; Reed v. United States, 5 Cir., 1944, 142 F.2d 435.[9] Our brief treatment shows why it is undesirable. By imposing unnecessary burdens on Courts and the Judges who man them, it interferes with the orderly administration of justice in both direct and collateral review proceedings. Moreover, the inscrutable mystery undoubtedly impedes the prison authorities in the performance of one of their primary tasks, rehabilitation of the offender. We may properly take such factors into account.

■ If—and there is no real if, big or little—the general sentence is undesirable practice—bad practice—we should not, we ought not, continue to approve it. Consequently, we vacate the sentence and remand the case to the District Judge for correct resentencing in which the defendant will know precisely the penalty assessed as to each and every count and the order in which the sentences thereby imposed are to be served.[10]

Vacated and remanded.

8. See Donnelly, Goldstein & Schwartz, Criminal Law 374 ff. (1962).

9. See also the statement for the Eighth Circuit in McDowell v. Swope, 8 Cir., 1950, 183 F.2d 856:
"[T]he loose practice of imposing a general sentence is definitely to be discouraged. United States v. Karavias, 7 Cir. (1948), 170 F.2d 968; Morrison v. Hunter, 10 Cir. (1947), 161 F.2d 723."

10. Lest we be misunderstood, we do not hold that the defect present in the general sentence is of the fundamental kind which can be reached in collateral proceedings under 28 U.S.C.A. § 2255. The conviction is not affected. It is not set aside. No new or retrial is needed or appropriate. The relief available is a correct sentencing. The Supreme Court observed in Green v. United States, 1961, 365 U.S. 301, 306 n. 3, 81 S.Ct. 653, 5 L.Ed.2d 670, that "Rule 35 * * * is limited to challenges that involve the legality of the sentence itself." Cf. Heflin v. United States, 1959, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407. The distinction is graphically revealed by the Court's refusal to grant § 2255 relief for a similar lack of opportunity for allocution. Hill v. United States, 1962, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417, rehearing denied, 369 U.S. 808, 82 S.Ct. 640, 7 L.Ed.2d 556.