**Roy Carl MILAM, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 21713.**

United States Court of Appeals Fifth Circuit.

Jan. 26, 1965.

Roy O. Parker, Tupelo, Miss., for appellant.

H. M. Ray, U. S. Atty., George H. Dulin, Asst. U. S. Atty., Oxford, Miss., for appellee.

Before BROWN and BELL, Circuit Judges, and HUNTER, District Judge.

PER CURIAM:

Appellant was convicted below of possessing non-tax-paid distilled spirits in violation of 26 U.S.C.A. § 5604(a) (1) and of carrying on the business of a retail dealer in liquors without having paid the special tax required in violation of 26 U.S.C.A. § 5691(a). The possession offense was laid in count 3 of the indictment and the retail business offense was laid in count 4. Appellant received a general sentence covering both counts of thirteen months.

Appellant contends that the evidence was insufficient to sustain his conviction on either count. With respect to count 4, the United States agrees and has confessed error, admitting that it failed to prove that appellant did not pay the special tax required for retail liquor dealers. However, we have carefully reviewed the record and hold that the evidence was sufficient to sustain the con-

viction under count 3 for possessing non-tax-paid liquors. The thirteen-month sentence imposed by the District Court is within the maximum allowable for each count. In these circumstances it is established that if the conviction is valid on either count, the judgment must be affirmed. Barenblatt v. United States, 1959, 360 U.S. 109, 115, 79 S.Ct. 1081, 3 L.Ed.2d 1115, 1122; Hall v. United States, 5 Cir., 1964, 330 F.2d 558.[1]

Appellant's objections pertaining to the United States Attorney's argument to the jury and to the admission in evidence of certain photographs are without merit.

Affirmed.

1. Cf. Benson v. United States, 5 Cir., 1964, 332 F.2d 288, where a general sentence within the aggregate maximum for three counts but which exceeded the maximum allowable on any one count required remand for resentencing under Rule 35, F.R.Crim.P. Our decision in Benson was rendered subsequent to the imposition of sentence in the instant case. Here it might be argued that remand for resentencing would be in the interest of justice since the District Court might impose a lesser sentence in light of the fact that the conviction now rests on one count only, but the authorities cited above obviate such treatment. It is to be noted, however, that the problem is a recurring one and does not arise where District Courts follow the preferable practice of imposing separate sentences on each count.