**Benito Saenz FIRO, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 23115.

United States Court of Appeals Fifth Circuit.

Oct. 11, 1966.

James R. Gough, Asst. U. S. Atty., Woodrow Seals, U. S. Atty., Houston, Tex., for appellee.

Before WISDOM, BELL and AINSWORTH, Circuit Judges.

PER CURIAM:

The District Court denied appellant's motion, filed under 28 U.S.C.A. § 2255, to vacate sentence. Appellant was convicted on both counts of a two count indictment charging him with violation of the narcotics laws and sentenced to ten years. He was represented by retained counsel on the trial and did not appeal.

A previous motion under § 2255 was denied and no appeal was taken from the denial of relief thereunder. Appellant's next motion under § 2255 was denied and this court affirmed the denial in Firo v. United States, 5 Cir., 1965, 340 F.2d 597. The principal point there considered is the basis for his contention here that the court's refusal to require the government to identify its informer amounted to a suppression of evidence on the part of the government. We held then that appellant was not entitled to the identity of the informer and the question is therefore settled adversely to appellant.

One of the counts of the indictment was based on a violation of Title 21 U.S.C.A. § 174, and the other on Title 26 U.S.C.A. § 4704(a). There was no inconsistency in the counts or in the jury verdict. The ten year sentence imposed jointly on the two counts was within the statutory limits for each offense. 21 U.S.C.A. § 174; 26 U.S.C.A. § 7237(a). Thus there is no merit in the contention that the sentence was improper. See Milam v. United States, 5 Cir., 1963, 340 F.2d 956.

Appellant also claims that the government knowingly used perjured testimony against him. There is no merit whatever to this assertion.

Affirmed.