**James Edward CLARK, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 23736.**

United States Court of Appeals
Fifth Circuit.

Oct. 13, 1966.

H. M. Ray, U. S. Atty., E. Grady Jolly, Jr., Asst. U. S. Atty., Oxford, Miss., for appellee.

Before WISDOM, BELL and AINSWORTH, Circuit Judges.

PER CURIAM:

James Edward Clark, the defendant, was indicted in the District of Arkansas on two counts of violating 18 U.S.C. § 2314. While he was serving a sentence in the Mississippi State Penitentiary, he filed a consent to transfer and request to plead guilty pursuant to F.R.Crim. Pro. 20. March 27, 1964, the United States District Court for the Northern District of Mississippi imposed a general sentence of eight years to begin upon completion of Clark's state imprisonment. In his motion under 28 U.S.C.

§ 2255, Clark makes numerous attacks on the sentence of the district court.

■ (1) First, the appellant argues that the district court did not have jurisdiction to impose the sentence. Prior to July 1, 1966, Rule 20 permitted a defendant "arrested in a district other than that in which the indictment or information is pending against him" to request transfer and disposition. The amendment effective on that date inserted the words "or held" after "arrested". Clark contends that since he was not arrested in the Northern District of Mississippi, but was merely being held there by state authorities, he could not properly institute Rule 20 proceedings, and that the district court was therefore without jurisdiction. The district court held that the amendment to Rule 20 was intended to clarify pre-existing law "and not to add something new which did not obtain prior to the amendment." We agree. The writ of habeas corpus ad prosequendum has always been available to serve every purpose of a warrant of arrest, without amendment of the rule. See 4 Barron & Holtzoff, Federal Practice & Procedure § 2081 (Wright ed. 1964 Supp.). The defendant's not having been arrested in the Northern District of Mississippi does not undermine the jurisdiction of the district court there to sentence him after a Rule 20 transfer.

■ (2) Clark asserted in the court below that he was not advised of his right to counsel and that his plea of guilty was not voluntarily and understandingly entered. The record however reveals that the United States Attorney and the sentencing judge inquired into both matters. In answer to their inquiries Clark specifically stated that he did not desire to be represented by a court-appointed attorney, and denied that he had been pressured into pleading guilty.

■ (3) For the first time, in this Court Clark raises the issue of his mental competence as relevant to the voluntariness of his plea. He alleges that during the past two decades he has from time to time been a patient in a mental hospital. He had this information when he presented his § 2255 petition to the district court. He may not raise these claims at this stage of the proceedings. Weed v. United States, 5 Cir. 1966, 360 F.2d 568.

■ (4) The appellant further asserts that his sentence should be set aside because of uncertainty in the starting date arising from the condition that the sentence was to be served after completion of the state imprisonment. The argument is frivolous. This Court has long approved such sentences. Gardner v. United States, 5 Cir. 1960, 274 F.2d 380; Harrell v. Shuttleworth, 5 Cir. 1952, 200 F.2d 490.

■ (5) Finally, Clark objects to the general sentence of eight years on the two counts. He relies on Benson v. United States, 5 Cir. 1964, 332 F.2d 288. In Benson, the district court imposed a general sentence of fifteen years on three counts. Two counts carried a maximum of ten years apiece, and the third, a maximum of five years. Thus while the general sentence was within the aggregate maximum allowable, it exceeded the sentence which could have been imposed on any single count. The court ruled that the sentence should have been set aside pursuant to F.R.Crim.Pro. 35. The court distinguished cases involving "a so-called 'general sentence' under a multi-count conviction which imposes a term less than could have been imposed on any one count * * *". 332 F.2d at 290 n. 4. Here 18 U.S.C. § 2314 authorizes a term of ten years for each count. The appellant's eight year sentence was well within the maximum term authorized for any one count. His case is therefore distinguishable from Benson. Firo v. United States, 5 Cir. 1966, 367 F.2d 159; Butler v. United States, 8 Cir. 1965, 351 F.2d 14, 24; cf. Milam v. United States, 5 Cir. 1965, 340 F.2d 956. None of the problems of reviewing separate counts which faced the court there are present here.

The judgment of the district court is affirmed.