Lawrence R. DUNCAN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 23627.

United States Court of Appeals
Fifth Circuit.

Nov. 21, 1966.

Rehearing Denied Dec. 23, 1966.

R. Macey Taylor, Asst. U. S. Atty., Birmingham, Ala., Macon L. Weaver, U. S. Atty., Melton L. Alexander, Asst. U. S. Atty., for appellee.

Before JONES, WISDOM and GOLDBERG, Circuit Judges.

PER CURIAM:

The appellant originally appealed from the denial of two motions under 28 U.S.C.A. § 2255 and from the denial of a motion for the correction of a 15-year sentence imposed upon a conviction under both counts of an indictment which charged interstate transportation of stolen property in violation of 18 U.S.C.A. § 2314, and with unlawful flight in interstate commerce to avoid prosecution under state law in violation of 18 U.S.C.A. § 1073. The conviction was on a plea of guilty. There was a general sentence of fifteen years. The maximum punishment under Section 2314 is ten years and the maximum penalty under Section 1073 is five years. The appellant, citing Benson v. United States, 5th Cir. 1964, 332 F.2d 288, asserts that the general sentence is illegal and void. It is the view of this Court that the Benson case is not here controlling. There the general sentence imposed was less than the aggregate of the maximum which might have been imposed for conviction upon the several counts of the indictment. Here the sentence imposed is the same as the aggregate that might have been imposed on the several counts. It is therefore clear that the court imposed the maximum that might have been imposed and hence there is no error committed. The order of the district court is

Affirmed.