SCHEB, Judge.
The state charged Kevin John Marquez with conspiracy to commit first-degree grand theft, first-degree grand theft, and attempted first-degree murder with a firearm. A jury found Marquez guilty of each count. The trial court sentenced him to five-years imprisonment on the conspiracy count, a concurrent fifteen-year term for grand theft, and imposed a ninety-nine-year term for the attempted murder count to run consecutive to the other sentences. Pursuant to section 947.16(3), Florida Statutes (1981), the court retained jurisdiction over Marquez for thirty-eight years without specifying the length of retention as to each conviction.
Marquez raises several points on appeal. The only one which merits discussion is his contention that the trial court erred in retaining jurisdiction over certain offenses not specifically enumerated in section 947.-16(3). That section provides:
Persons who have become eligible for parole and who may, according to the objective parole guidelines of the commission, be granted parole shall be placed on parole in accordance with the provisions of this law; except that, in any case of a person convicted of murder, robbery, burglary of a dwelling or burglary of a structure or conveyance in which a human being is present, aggravated assault, aggravated battery, kidnapping, sexual battery or attempted sexual battery, incest or attempted incest, an unnatural and lascivious act or an attempted unnatural and lascivious act, lewd and lascivious behavior, assault or aggravated assault when a sexual act is completed or attempted, battery or aggravated battery when a sexual act is completed or attempted, arson, or any felony involving the use of a firearm or other deadly weapon or the use of intentional violence, at the time of sentencing the judge may enter an order retaining jurisdiction over the offender for review of a commission release order. This jurisdiction of the trial court judge is limited to the first-third of the maximum sentence imposed. When ány person is convicted of two or more felonies and concurrent sentences are imposed, then the jurisdiction of the trial court judge as provided herein shall apply to the first third of the maximum sentence imposed for the highest felony charged and proven. When any person is convicted of two or more felonies and consecutive sentences are imposed, then the jurisdiction of the trial court judge as provided herein shall apply to one-third of the total consecutive sentences imposed. (Emphasis supplied.)
Marquez contends that the trial court erred in retaining jurisdiction on any count other than attempted murder. He correctly points out that conspiracy and grand theft are not enumerated offenses within the statute. He maintains that, unlike attempted murder with a firearm, the other offenses do not fall in the category of “any felony involving the use of a firearm.” The statutory definitions of these two offenses do not require use of a firearm or other deadly weapon, nor do they necessarily involve the use of intentional violence. Since these elements are not alleged in the applicable counts of the information, Marquez argues, the trial judge had no authority to retain jurisdiction over his sentence other than on the attempted murder conviction. We disagree.
Considering the language of the statute and the sentences imposed, we assume the trial judge intended to retain jurisdiction for thirty-three years on the attempted *620 murder and five years on the grand theft count. Here, there was sufficient evidence from which the court could conclude that Marquez used intentional violence and a firearm in commission of the grand theft. As such, the grand theft falls in the category of a “felony involving the use of a firearm ... or the use of intentional violence.” § 947.16(3), Fla.Stat. (1981). See Mobley v. State, 409 So.2d 1031 (Fla.1982). Inasmuch as the trial judge imposed consecutive sentences for a total of 114 years, he had authority to retain jurisdiction over Marquez for thirty-eight years, or one-third of the total.
Unfortunately, the court failed to specify the length of retention for each particular sentence, merely stating that it would retain jurisdiction for thirty-eight years over all the sentences imposed. The thirty-eight-year retention period did not exceed the allowable maximum; still, the very imposition of a general retention of jurisdiction poses potential problems somewhat analogous to those presented by a general sentence, which we held to be impermissible in Darden v. State, 306 So.2d 581 (Fla. 2d DCA 1975). See also Dorfman v. State, 351 So.2d 954 (Fla.1977).
To properly conduct appellate review, we must focus on the retention of jurisdiction as to each count for which a defendant is sentenced. A general period of retention, which is not referable to any one count, can make review a difficult, if not an impossible, burden. Further, subsequent vacation of one of defendant’s sentences as a result of a collateral attack could lead to an ambiguity as to the period of retention of jurisdiction of remaining sentences by the trial court. Therefore, we hold that a trial court, which retains jurisdiction under section 947.16(3), must indicate the extent of retention as to each offense. See generally Benson v. United States, 332 F.2d 288 (5th Cir.1964).
Accordingly, we affirm defendant’s convictions and sentences, but we remand with directions to the trial court to assess the period of retention specifically to defendant’s convictions for grand theft and attempted murder.
BOARDMAN, A.C.J., and SCHOON-OVER, J., concur.