

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-21-2006

# Roman v. Nash

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4280

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Roman v. Nash" (2006). *2006 Decisions.* Paper 864.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/864

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-4280

ADALBERTO ROMAN,
                                     Appellant

v.

JOHN NASH, Warden/Superintendent FCI-Schuylkill;
BUREAU OF PRISONS;
PA. BOARD OF PROBATION AND PAROLE

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No. 03-cv-1451
(Honorable Edwin M. Kosik)

Argued April 24, 2006

Before:  SCIRICA, *Chief Judge*, NYGAARD, *Circuit Judge*,
and YOHN, *District Judge*[*]

(Filed June 21, 2006)

LINDA S. SHEFFIELD, ESQUIRE (ARGUED)
10 Glenlake Parkway, Suite 130
Atlanta, Georgia 30328
        Attorney for Appellant

---

[*]The Honorable William H. Yohn, Jr., United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

STEPHEN R. CERUTTI, II, ESQUIRE (ARGUED)
D. BRIAN SIMPSON, ESQUIRE
Office of United States Attorney
220 Federal Building and Courthouse
228 Walnut Street, P.O. Box 11754
Harrisburg, Pennsylvania 17108
        Attorneys for Appellees

―――――――――――

OPINION OF THE COURT

―――――――――――

SCIRICA, *Chief Judge*.

Adalberto Roman appeals the District Court's denial of his petition for habeas corpus. We have jurisdiction under 28 U.S.C. § 1291. "[W]e exercise plenary review over the District Court's legal conclusions and review its findings of fact for clear error." *Cristin v. Brennan*, 281 F.3d 404, 409 (3d Cir. 2002). We will affirm.

Roman is a federal prisoner who seeks five years of credit toward his federal sentence for time served in the custody of the State of Pennsylvania. Within a span of just over a year, Roman was convicted and sentenced four separate times, three times in Pennsylvania state court and once in federal court. On October 4, 1990, Roman was sentenced in the Philadelphia Court of Common Pleas to an indeterminate sentence of five to ten years for voluntary manslaughter ("the first state sentence"). On March 8, 1991, he was received into the secondary custody of federal authorities via a writ of habeas corpus *ad prosequendum*, and, on November 13, 1991, he was sentenced in the United States District Court for the Eastern District of Pennsylvania to a sentence of 120 months for conspiracy to distribute heroin and continuing a criminal enterprise ("the

2

federal sentence"). The District Court ordered Roman's federal sentence to "run consecutive to any sentence defendant is presently serving." Roman was returned to his primary custodian, the Pennsylvania Department of Corrections, on November 18, 1991. On November 26, 1991, Roman was sentenced in the Philadelphia Court of Common Pleas to five to ten years for possession of instruments of a crime and aggravated assault ("the second state sentence"). The court ordered this sentence to run consecutive to the state sentence imposed on October 4, 1990. The court also expressed its intent that this sentence "be served separate and apart from the Federal sentence." (Appellant's May 16, 2006 Letter at 24.) On December 16, 1991, Roman was sentenced in the Philadelphia Court of Common Pleas to an indeterminate sentence of ten to twenty years for possession with intent to distribute a controlled substance and criminal conspiracy. The court ordered this sentence to run concurrent with the unexpired sentences Roman was already serving. According to the Pennsylvania Bureau of Prisons, Roman's state sentences aggregated to a term of not less than ten years under 42 Pa. C.S. § 9757.

Roman was paroled from his aggregate Pennsylvania sentence to his federal detainer on December 10, 2001. Roman arrived at FCI Schuylkill on January 24, 2002 to begin serving his 120-month federal sentence. However, his federal sentence began to run on December 10, 2001, the date of his parole from the aggregated Pennsylvania sentence.

On March 19, 2002, Roman requested that the Federal Bureau of Prisons (BOP) issue a *nunc pro tunc* designation crediting his federal sentence for time served in the

custody of the State of Pennsylvania from July 16, 1995 (the time at which he contends his first state sentence for voluntary manslaughter had expired) until his release to federal authorities. The BOP denied this request. On August 18, 2003, Roman filed a petition for habeas corpus under 28 U.S.C. § 2241 with the United States District Court for the Middle District of Pennsylvania seeking credit toward his federal sentence for time spent in state custody after the expiration of his first state sentence. The District Court granted the petition in part and denied it in part, ordering the BOP to grant Roman credit for time served in Pennsylvania from July 16, 2000 to December 9, 2001.[1] Roman filed a motion for reconsideration on November 10, 2003, arguing he was entitled to more than the 17-month credit granted by the District Court. After seeking clarification from the Pennsylvania Board of Probation and Parole, the District Court denied the motion for reconsideration. Roman filed a timely appeal.

Roman challenges the computation of his federal sentence on the basis that his two state sentences should not have been aggregated. Specifically, he argues the second state sentence for possession of instruments of crime and aggravated assault and the federal sentence should have run concurrently and should have commenced service at the same time. Under this computation, Roman asserts he is entitled to a *nunc pro tunc* designation

---

[1]In an Order dated November 3, 2004, the District Court stated Roman was granted credit from July 16, 2000 through December 9, 2001 "based upon the erroneously entered state paroling action which was later rescinded." (App. 8). Because the government did not seek reconsideration, that decision is not before the Court and remains undisturbed.

4

from the BOP crediting his federal sentence with the five years he served in Pennsylvania custody after his first state sentence had expired.

In *Barden v. Keohane*, we held that the BOP can, in its discretion, designate a state prison as a place of federal confinement *nunc pro tunc*. 921 F.2d 476, 481 (3d Cir. 1991). While we recognized habeas relief is "an appropriate judicial means of compelling that examination," we also held that resolution of the issue "is a matter within the Bureau's sound discretion." *Id.* at 483. Here, the BOP considered Roman's request for *nunc pro tunc* designation and found it to be inappropriate. This was not an abuse of discretion.

The BOP correctly determined that Roman was not paroled from his state sentence until December 10, 2001 (and his consecutive federal sentence did not begin to run until that date) because his first and second state sentences were aggregated under 42 Pa. C.S. § 9757. Roman cites *Benson v. United States*, 332 F.2d 288 (5th Cir. 1964), for the proposition that each statutory offense must carry its own independent penalty, and therefore, these penalties cannot be aggregated. However, the *Benson* court was concerned with what it called "the general sentence" because "it does not clearly indicate to the offender what sentence has been imposed for what conviction." *Id.* at 292. Here, Roman knew exactly what sentence had been imposed for each of his state convictions. He was specifically informed at his second state sentencing proceeding of the state court's intent that he serve his state sentences consecutively and his federal sentence "separate and apart" from his state sentence. (Appellant's May 16, 2006 Letter at 23–24.)

Roman argues the federal sentencing judge did not intend and had no authority to make the federal sentence run consecutively to the second state sentence, which had not yet been imposed at the time of the federal sentence. Federal sentencing courts have the authority to recommend that a federal sentence run either concurrently or consecutively to a state sentence. 18 U.S.C. § 3621(b) (providing the BOP with discretion to designate the place of a prisoner's imprisonment "considering," among other things, the recommendation of the sentencing judge); *Gomori v. Arnold*, 533 F.2d 871, 875 (3d Cir. 1976). Although the BOP is not required to follow the sentencing court's recommendation, 18 U.S.C. § 3621(b); *Barden*, 921 F.2d at 483 ("While the statute wisely requires the Bureau to solicit the views of the sentencing judge whenever possible, his decision is not controlling under the statute."); *Gomori*, 533 F.2d at 875 (same), it commendably will often do so. But this is of little significance here, as the federal sentencing judge made no such recommendation to the BOP. The record does not reveal that the judge would have intended the federal sentence to run concurrently with any subsequently imposed state sentence.

More relevant to this case is whether the sentencing judge in the second state sentencing proceeding expressed his intent to have Roman's sentences run either concurrently or consecutively. Unlike the federal judge, the state judge was aware of both of Roman's prior sentences — the first state and federal sentences. After oral argument, we directed Roman's counsel to file the transcript of Roman's second state sentencing proceeding, held in the Court of Common Pleas on November 26, 1991.

6

Counsel provided this transcript, which reveals the sentencing judge intended Roman's second state sentence to run consecutively to both Roman's first state sentence and his federal sentence. The state court's intent, although not conclusive, provides support for the BOP's decision. It is one factor that may be considered in deciding whether a federal prisoner is entitled "to relief in the form of a *nunc pro tunc* designation of the state prison as a place of federal confinement." *Barden*, 921 F.2d at 483.

For all of these reasons, the BOP did not abuse its discretion in declining to designate a state prison as a place of federal confinement *nunc pro tunc*, and the motion for reconsideration was properly denied.[2] Accordingly, we will affirm.

---

[2]Because we hold the BOP did not abuse its discretion in denying the designation request, we need not reach the government's argument that, under 18 U.S.C. § 3585(b), Roman was not entitled to credit for time already served against his state sentence.