# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 2, 2010

Lyle W. Cayce
Clerk

No. 08-40669
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMIRO GARCIA-CARDENAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:07-CR-989-ALL

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Ramiro Garcia-Cardenas (Garcia) appeals the sentence imposed following his guilty plea conviction for being found in the United States unlawfully following deportation (Count One) and for possession with intent to distribute marijuana (Count Three). The district court sentenced Garcia to 60 months of imprisonment and four years of supervised release but did not specify whether this sentence applied to both offenses for which he was convicted. After briefing was complete in this case, the district court, pursuant to this court's order to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

provide clarification, issued an amended judgment that imposed a 60-month sentence of imprisonment, a four-year term of supervised release as to Count Three, and no term of supervised release as to Count One.

Garcia argues that the district court issued an illegal general sentence, and he requests remand for resentencing. "A single sentence on two or more counts for a term within the aggregate is not illegal although . . . it is not in the most desirable form." *United States v. Granger*, 275 F.2d 127, 128 (5th Cir. 1960). Garcia's 60-month sentence of imprisonment on Count One and Count Three is not an illegal general sentence for which resentencing is required. *See Clark v. United States*, 367 F.2d 378, 380 (5th Cir. 1966).

As to the term of supervised release, any concerns that an illegal general sentence was imposed have been eliminated by the clarifying amended judgment, which makes clear that Garcia has not been sentenced to supervised release on Count One and that the four-year term of supervised release has been imposed only as to Count Three. Thus, the district court's judgment does not constitute an illegal general sentence. *See Benson v. United States*, 332 F.2d 288, 291 (5th Cir. 1964). Accordingly, the district court's judgment, as clarified by the amended judgment, is affirmed.

AFFIRMED.