[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11741

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID EDWARD VICKERS,
a.k.a. David J. Vickers,
a.k.a. D.J. Vickers,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:01-cr-00273-SCB-TBM-4

_____

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

David Edward Vickers appeals his 51-month sentence imposed following the revocation of his supervised release. On appeal, he argues that (1) the statute under which the district court revoked his supervised release, 18 U.S.C. § 3583(g), is unconstitutional because it required the district court to revoke his supervised release without a jury trial; (2) the district court improperly imposed a general sentence when it entered an undivided sentence covering two counts that exceeded the maximum allowable sentence on one of the counts; and (3) his sentence was procedurally and substantively unreasonable. After careful consideration, we affirm.

## I.

In 2001, a jury found Vickers guilty of one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and one count of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). The district court sentenced Vickers to a total term of 384 months' imprisonment, consisting of 300 months on the armed bank robbery count followed by 84 months on the firearm count, with the sentences to run consecutively. The district court also sentenced Vickers to a term of five years of supervised release on each count, with the terms to run concurrently. The

district court later reduced Vickers's sentence on the armed bank robbery count to 168 months' imprisonment.

In 2019, Vickers was released from prison and began to serve his term of supervised release. Less than two years into the term of supervised release, Vickers was arrested. He was pulled over after an officer observed him fail to stop his vehicle properly at a stop sign. When the officer approached the car, he smelled fresh marijuana. Vickers admitted to smoking marijuana earlier in the day. The officer directed Vickers to get out of the car, but he refused.

Around this time, a second officer arrived on the scene and approached the passenger side of Vickers's car. She saw a firearm on the passenger seat. The first officer then removed Vickers from the car and tried to handcuff him. But Vickers ran away, ignoring the officers' commands to stop. After one of the officers fired a Taser, Vickers fell to the ground, and the officers arrested him.

Officers searched Vickers and later his car. They found MDMA pills, crack cocaine, methamphetamine, marijuana, synthetic marijuana, and a bottle of 200 prescription pills prescribed to someone else. Vickers told the officers that the gun belonged to him and admitted to selling drugs. The officers later discovered that the gun had been reported stolen.

The United States Probation Office filed a petition in the district court charging Vickers with violating the terms of his

supervised release.[1] The petition alleged the following violations: new criminal conduct consisting of resisting an officer without violence, trafficking amphetamine, possessing MDMA with intent to sell, possessing drug paraphernalia, possessing a prescription drug without a prescription, possessing a firearm as a convicted felon, and possessing crack cocaine, and a violation of a mandatory condition of supervision by possessing a firearm and ammunition.

At Vickers's revocation hearing, the government presented testimony and evidence to establish that he committed each of the charged violations. The government's witnesses included the police officers involved in the stop. Vickers did not call any witnesses. The district court found by a preponderance of the evidence that Vickers had committed the charged violations.

The district court then considered an appropriate sentence. It calculated Vickers's guidelines range as 51 to 60 months' imprisonment. The court heard from his probation officer about his conduct while on supervised release. The probation officer testified that Vickers had tested negative at all his regular drug screens and participated in a drug treatment program. Before his arrest, Vickers reported to the officer that several of his family members had recently died. She helped him secure more frequent treatment sessions to help him through this trauma.

---

[1] Separate from the revocation proceedings, Vickers was charged in state court with trafficking methamphetamine and other crimes arising out of this incident.

The court then heard from the parties. The government requested a sentence at the high end of the guidelines range because Vickers committed the violations—which involved selling drugs, carrying a stolen gun, and fleeing from police officers—less than two years after serving "a very long sentence." Doc. 350 at 58.[2]

Vickers urged the court to consider mitigating factors and impose a sentence below the guidelines range. He noted that he had maintained employment while on supervised release and had recently started a catering business. He also pointed out that he had cooperated with the treatment required as a condition of his supervised release and, in fact, requested additional assistance when his family members died. He also asked the court to consider that much of his criminal history included offenses that occurred when he was a minor.

After hearing Vickers discuss his criminal history, the district court discussed the underlying criminal case, mentioning that Vickers was "very young" when he committed the armed bank robbery. *Id.* at 60. The court also mentioned that during the robbery one of the bank employees had a heart attack. Ultimately, the district court sentenced Vickers to serve an additional 51 months' imprisonment, which was at the low end of the guidelines range, without any additional term of supervised release. After the court imposed the sentence, Vickers indicated that he did not "have any

---

[2] "Doc." numbers are the district court's docket entries.

procedural objection[s]" but did object to the substantive reasona-bleness of the sentence. *Id.* at 64. This is Vickers's appeal.

## II.

We review *de novo* challenges to the constitutionality of a statute. *United States v. Cunningham*, 607 F.3d 1264, 1266 (11th Cir. 2010). But when, as here, a defendant raises a constitutional challenge for the first time on appeal, we review for plain error. *See United States v. Peters*, 403 F.3d 1263, 1270 (11th Cir. 2005).

We review *de novo* the legality of a sentence, including a sentence imposed upon revocation of supervised release. *United States v. Mazarky*, 499 F.3d 1246, 1248 (11th Cir. 2007). When a party raises a challenge to a revocation sentence for the first time on appeal, however, we review for plain error. *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000).

We generally review a sentence imposed upon revocation of supervised release for reasonableness, applying a deferential abuse of discretion standard. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). But when a defendant raises an argu-ment regarding the procedural reasonableness of his sentence for the first time on appeal, we review for plain error. *Id.*

Under plain error review, an appellant must show: (1) an error, (2) that was plain, (3) that affected his substantial rights, and (4) that seriously affected the fairness of his judicial proceedings. *United States v. Ramirez-Flores*, 743 F.3d 816, 822 (11th Cir. 2014). For an error to be plain, the legal rule must be clearly established

at the time the case is reviewed on appeal." *United States v. Hesser*, 800 F.3d 1310, 1325 (11th Cir. 2015). "Where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *Id.* (alteration adopted) (internal quotation marks omitted).

## III.

Vickers raises three arguments on appeal. First, he says that the revocation provision applicable in his case, § 3583(g), is unconstitutional under the Fifth and Sixth Amendments. Second, he argues that the district court imposed a legally impermissible sentence because the sentence of 51 months on both counts exceeded the statutory maximum sentence of three years available upon revocation for the armed robbery count. Third, he challenges his sentence as procedurally and substantively unreasonable. We address each argument in turn.

### A.

We begin with Vickers's argument that § 3583(g) violates the Due Process Clause of the Fifth Amendment and the right to a jury under the Sixth Amendment because it mandates revocation based on findings of fact made by a judge and necessarily results in a sentence of at least one day in prison. Because Vickers raises this argument for the first time on appeal, we review for plain error only.

A district court imposing a prison sentence may (and sometimes must) require a defendant to serve a term of supervised release after his release from prison. 18 U.S.C. § 3583(a). If a district court finds by a preponderance of the evidence that a defendant has violated a condition of supervised release, it typically has discretion to revoke supervised release and impose incarceration, subject to a statutory maximum sentence tied to the severity of the crime of conviction. *See id.* § 3583(e)(3). But § 3583(g) removes this discretion under certain circumstances. This provision requires revocation and incarceration if the defendant (1) unlawfully possessed a controlled substance, (2) violated federal law or a supervised release condition by possessing a firearm, (3) refused to comply with a supervised release condition requiring drug testing, or (4) tested positive for illegal controlled substances more than three times over the course of one year. *Id.* § 3583(g).[3]

Vickers argues that the Supreme Court's decision in *United States v. Haymond*, 139 S. Ct. 2369 (2019), makes plain the unconstitutionality of § 3583(g). In *Haymond*, the Court considered a constitutional challenge to a different mandatory revocation provision, § 3583(k). *See* 139 S. Ct. at 2373 (plurality opinion). Under § 3583(k), if a defendant on supervised release who is required to register as a sex offender commits one of several enumerated

---

[3] A defendant who fails a drug test may be entitled to an exception from § 3583(g)'s mandatory revocation requirement. *See* 18 U.S.C. § 3583(d). Because the exception is not at issue in this appeal, we discuss it no further.

offenses, the court "*must* impose an additional prison term of at least five years . . . without regard to the length of the prison term authorized for the defendant's initial crime of conviction." *Id.* at 2374 (emphasis in original). A fractured Supreme Court held that § 3583(k) was unconstitutional. *Id.* at 2373; *id.* at 2386 (Breyer, J., concurring in judgment). We briefly review the plurality opinion and Justice Breyer's separate opinion concurring in the judgment, which is the controlling opinion in the case.[4]

The plurality concluded that § 3583(k) was unconstitutional because its application could "expose a defendant to an additional mandatory minimum prison term well *beyond* that authorized by the jury's verdict—all based on facts found by a judge by a mere preponderance of the evidence." *Id.* at 2382 (plurality opinion) (emphasis in original). The plurality relied on the *Apprendi* line of cases, which held that an element that necessarily increases the minimum or maximum prison sentence generally must be proven to a jury beyond a reasonable doubt. *Id.* at 2377–78. *See Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Alleyne v. United States*, 570 U.S. 99 (2013). Although the plurality concluded that § 3583(k)

---

[4] "When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgment[] on the narrowest grounds." *Marks v. United States*, 430 U.S. 188, 193 (1977) (internal quotation marks omitted); *see also Haymond*, 139 S. Ct. at 2386 (Alito, J., dissenting) (stating that Justice Breyer's concurrence contains "today's holding").

was unconstitutional, it made clear that it expressed no view on the constitutionality of § 3583(g)'s mandatory revocation provision. *See Haymond*, 139 S. Ct. at 2382 n.7 (plurality opinion).

Justice Breyer agreed that § 3583(k) was unconstitutional, but his separate concurring opinion rested on a narrower ground. *See id.* at 2385 (Breyer, J., concurring in judgment). He was not persuaded that the *Apprendi* line of cases applied in the supervised release context. *See id.* But three features of § 3583(k) "considered in combination" led him to conclude that the provision was "less like ordinary revocation and more like punishment for a new offense, to which the jury trial right would typically attach." *Id.* at 2386. He explained:

> First, § 3583(k) applies only when a defendant commits a discrete set of federal criminal offenses specified in the statute. Second, § 3583(k) takes away the judge's discretion to decide whether violation of a condition of supervised release should result in imprisonment and for how long. Third, § 3583(k) limits the judge's discretion in a particular manner: by imposing a mandatory minimum term of imprisonment of not less than 5 years upon a judge's finding that a defendant has committed any listed criminal offense.

*Id.* (alterations adopted) (internal quotation marks omitted).

Vickers argues that under Justice Breyer's opinion in *Haymond*, § 3583(g) is unconstitutional because it shares § 3583(k)'s problematic features. To be sure, § 3583(g) bears some

resemblance to § 3583(k): both provisions "take[] away [a] judge's discretion to decide whether [a] violation of a condition of supervised release should result in imprisonment." *Id.* But the two provisions are not identical. Section 3583(k) more sharply restricts a district court judge's discretion by requiring a judge to impose a mandatory minimum five-year sentence for a violation. In contrast, § 3583(g) does not strip a judge's discretion to decide "for how long" the defendant should be imprisoned. *Id.* Given this difference, we cannot say that *Haymond* "directly resolv[ed]" whether § 3583(g) is unconstitutional and thus conclude that Vickers failed to establish plain error. *See Hesser*, 800 F.3d at 1325 (internal quotation marks omitted); *see also United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020) (concluding that revocation of supervised release under § 3583(g) was not plain error); *United States v. Badgett*, 957 F.3d 536, 540–41 (5th Cir. 2020) (same); *United States v. Ewing*, 829 F. App'x 325, 330 (10th Cir. 2020) (unpublished) (same).

## B.

We next turn to Vickers's argument that his sentence of 51 months' imprisonment was an illegal general sentence. Because Vickers raises this argument for the first time on appeal, we review for plain error only.

"A general sentence is an undivided sentence for more than one count that does not exceed the maximum possible aggregate sentence for all the counts but does exceed the maximum allowable sentence on one of the counts." *United States v. Moriarty*,

429 F.3d 1012, 1025 (11th Cir. 2005) (internal quotation marks omitted). We previously have held that a general sentence in a final judgment of conviction is *per se* illegal and requires remand. *Id.*

Vickers argues that the district court imposed an illegal general sentence in this case. Because the maximum sentence for an armed bank robbery is 25 years' imprisonment, 18 U.S.C. § 2113(d), the crime is a class B felony, meaning the maximum term of imprisonment a district court may impose upon revocation is three years. *Id.* §§ 3559(a)(2); 3583(e)(3). Because the maximum sentence for using a firearm in furtherance of a crime of violence is life, the crime is a class A felony, meaning the maximum term of imprisonment a district court may impose upon revocation is five years. *Id.* § 3559(a)(1); 3583(e)(3). Here, the district court's 51-month sentence was a general sentence because the court imposed an undivided sentence covering both the armed bank robbery and firearm counts, and the sentence exceeded the maximum allowable sentence on the armed bank robbery count. *See Moriarty*, 429 F.3d at 1025.

Even though the district court imposed a general sentence, we cannot say that the court plainly erred here. We have held that a general sentence in a final judgment of conviction is *per se* illegal and requires remand. *Id.* But neither this Court nor the Supreme Court has ever extended the prohibition against general sentences to a term of imprisonment imposed upon revocation of supervised release. Given the lack of precedent "directly resolving" whether a district court may impose a general sentence when revoking

21-11741                Opinion of the Court                13

supervised release, we conclude that Vickers failed to establish plain error.[5] *See Hesser*, 800 F.3d at 1325 (internal quotation marks omitted).

## C.

We now consider Vickers's argument that his sentence of 51 months was procedurally and substantively unreasonable.

We begin with Vickers's argument about procedural unreasonableness. He says that his sentence was procedurally unreasonable because there is no indication that the district court considered the § 3553(a) factors in imposing it.[6] Because he raises this

---

[5] Vickers says that our predecessor court's decision in *Benson v. United States*, 332 F.2d 288 (5th Cir. 1964), plainly established that a district court may not impose a general sentence upon revocation of supervised release. But in *Benson* the defendant challenged a sentence imposed in a final judgment of conviction, not upon revocation of supervised release. *See id.* at 289–90.

[6] Section 3553(a) states that a court should "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). In imposing a sentence, a court also should consider: the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the sentencing range established under the guidelines, any pertinent policy statement issued by the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7).

argument for the first time on appeal, we review for plain error. *See Vandergrift*, 754 F.3d at 1307.

As we mentioned above, Vickers's supervised release was revoked pursuant to § 3583(g), which applies when a defendant possessed a controlled substance or firearm in violation of the conditions of his supervised release. *See* 18 U.S.C. § 3583(g). "[W]hen revocation of supervised release is mandatory under 18 U.S.C. § 3583(g), the statute does not require consideration of the § 3553(a) factors." *United States v. Brown*, 224 F.3d 1237, 1241 (11th Cir. 2000) (internal quotation marks omitted), *abrogated in part on other grounds by Tapia v. United States*, 564 U.S. 319, 332 (2011).[7] Because the district court was not required to consider the § 3553(a) factors in the § 3583(g) revocation proceeding, we cannot say that the district court erred. *See id.*[8]

---

[7] At least one circuit has reached the opposite conclusion, that a district court must consider the § 3553(a) factors when deciding the duration of a defendant's term of imprisonment imposed under the mandatory revocation provision in § 3583(g). *See United States v. Thornhill*, 759 F.3d 299, 309 (3d Cir. 2014). But under our prior panel precedent rule, we remain bound by *Brown*. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1303 (11th Cir. 2001).

[8] Vickers also argues that the district court failed to give a sufficient explanation to allow for meaningful appellate review. Although the district court's statement explaining the basis for its decision to impose a 51-month sentence was brief, its explanation was sufficient because we can discern from the record that the district court "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

Next, we turn to Vickers's argument that his sentence was substantively unreasonable because the district court failed to give sufficient weight to evidence regarding his history and characteristics and arguments regarding mitigation. He points out that he complied with the terms of his supervised release until he was arrested, he had several family members die over a short period of time before he was arrested, and most of his criminal history involved offenses that occurred when he was a minor.

We will reverse a sentence for substantive unreasonableness only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment . . . by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (internal quotation marks omitted). We ordinarily expect a sentence falling within the guidelines range to be reasonable. *See United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016). "The fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007).

After considering the facts of the case, we are not left with a definite and firm conviction that the district court committed an error of judgment when it imposed a 51-month sentence. This sentence was within the guidelines range, which is an indicator of reasonableness. *See Croteau*, 819 F.3d at 1310. Given that Vickers's violation of supervised release involved selling drugs, carrying a

16                    Opinion of the Court                    21-11741

stolen firearm, and fleeing from police officers, the sentence was not unreasonable.

**AFFIRMED.**